IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**CLIFFORD WASHINGTON and DEXTER HINES,**  **PLAINTIFFS**
**Each Individually and on behalf of all**
**Others Similarly Situated**

vs.  No. 5:16-cv-130-RP

**KELLY PRENTISS, Individually and as an Officer**
**of TORQUED-UP ENERGY SERVICES, INC.**  **DEFENDANT**

## SECOND AMENDED AND SUBSTITUTED COMPLAINT—COLLECTIVE ACTION

COME now Plaintiffs Clifford Washington and Dexter Hines ("Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Second Amended and Substituted Complaint – Collective Action against Defendant Kelly Prentiss, individually and as an officer of Torqued-Up Energy Services, Inc. (hereinafter "Defendant"), and in support thereof do hereby state and allege as follows:

**I.**

## PRELIMINARY STATEMENTS

1. This case is a collective action filed by Clifford Washington and Dexter Hines on behalf of themselves and all other hourly oil and gas field workers employed by Defendant.

2. Plaintiffs allege that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., when Defendant improperly calculated their regular rate of pay

and overtime premium when they were employed as Equipment Operators.

3. The proposed Section 216 class is composed entirely of employees who are or were Equipment Operators for Defendant, who, during the applicable time period, work/worked for Defendant and are/were denied their fundamental rights under applicable federal wage and hour laws. This collective action seeks the unpaid wages and other damages owed to these workers.

4. Plaintiffs bring this action under the FLSA for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiffs and all others similarly situated proper regular rate of pay and overtime compensation for the hours in excess of forty hours in a single week that they were/are made to work.

5. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

## II.

## **THE PARTIES**

6. Plaintiff Clifford Washington is a resident and citizen of Smith County, Texas.

7. Plaintiff Dexter Hines is a resident and citizen of Marion County, Texas.

8. At all times relevant hereto, Kelly Prentiss was an officer and Chief Executive Officer of Torqued-Up Energy Services, Inc. ("Torqued-Up")

9. At all times relevant hereto, Defendant Kelly Prentiss had operational

control over Torqued-Up.

10. At all times relevant hereto, Defendant Kelly Prentiss had the power to hire and fire employees of Torqued-Up, supervised and set wages and wage policies for Torqued-Up's employees.

11. At all times relevant hereto, Defendant was Plaintiffs' employer as that term is defined under the FLSA.

12. Upon information and belief, in 2014 Torqued-Up sold part of its corporation to Universal.

## III.

## JURISDICTION AND VENUE

13. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

14. The acts complained of herein were committed and had their principal effect against the named Plaintiff within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## IV.

## REPRESENTATIVE ACTION ALLEGATIONS

15. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Equipment Operators who were or are employed by Defendant and had an improperly calculated regular rate of pay and overtime premium

when they were employed as an Equipment Operator at any time within the applicable statute of limitations period.

16. Plaintiffs assert violations of the FLSA on behalf of all persons who were employed by Defendant as Equipment Operators and who had their regular rate of pay and overtime premium improperly calculated when they were employed as an Equipment Operator three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

17. Plaintiffs are unable to state the exact number of the class but believe that the class membership exceeds 100 persons but is less than 1,000 persons. Defendant can readily identify the members of the classes, who are a certain portion of the current and former employees of Defendant.

18. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

19. The email addresses of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via email to their last known email address as soon as possible.

20. Oilfield workers are by definition not at their residences as frequently as many other working-class Americans. As such, they rely on email just as much or more so than typical wage earners, who themselves live their lives with a growing dependence upon email as opposed to traditional U.S. Mail.

21. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

    A. Defendant's failure to pay members of the class a lawful regular rate of pay in violation of the FLSA, 29 U.S.C. § 201 *et seq*; and

    B. Defendant's failure to pay members of the class lawful overtime compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

## V.
## FACTUAL ALLEGATIONS

22. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

23. Plaintiffs were employees of Defendant within the last three years.

24. At all times hereinafter mentioned, Defendant has been an employer and enterprise engaged in commerce within the meaning of the FLSA. Defendant has employees engaged in interstate commerce.

25. At all times hereinafter mentioned, Plaintiffs were engaged in commerce as required by 29 U.S.C. §§ 206-207.

26. Torqued-Up is an oilfield services provider that provides on shore contract drilling and pressure pumping services for the oil and gas industry throughout the United States. http://www.patenergy.com/ (last visited on February 4, 2016).

27. Plaintiffs were employed by Defendant as Equipment Operators and were paid by the hour.

28. Plaintiffs routinely worked in excess of forty (40) hours per week.

29. During Plaintiffs' employment as Equipment Operators, Defendant paid all such Equipment Operators an hourly rate, and also paid them a non-discretionary bonus.

30. The bonus was a percentage of the total amount collected by Defendant on the projects worked on by Plaintiffs and other Equipment Operators.

31. In addition, Defendant paid Plaintiffs and other similarly-situated employees one-and-one-half of their hourly rate for each hour they worked over forty in a workweek.

32. However, Defendant did not include the bonus of Plaintiffs and other similarly situated employees into their regular rate when calculating their overtime pay.

33. Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

34. Defendant violated the FLSA by not including the bonus of Plaintiffs and other similarly situated employees into their regular rate when calculating their overtime pay.

35. As Equipment Operators, Plaintiffs' primary job duties were manual labor.

36. Plaintiffs were not required to have any special education or specialized knowledge to perform his job.

37. Defendant's Equipment Operators are required to be physically fit and strong enough to perform the manual labor required by their primary job duties.

38. Plaintiffs and the other Equipment Operators were and are entitled to 1.5 times their true regular rate of pay for hours worked in excess of 40 in a week.

39. Defendant knew of the FLSA's requirements based on, among other things, Department of Labor investigations in their line of business.

40. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and its other Equipment Operators violated the FLSA.

41. Defendant's Equipment Operators routinely use hard hats, drilling equipment, lubricators, blow-out preventers, wrenches, and other tools, in performing their job duties. Thus its employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

**VI.**

**CLASS ACTION ALLEGATIONS**

42. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

43. Plaintiffs bring this collective action on behalf of all persons similarly situated as Equipment Operators who were or are employed by Defendant and had an improperly calculated regular rate of pay and overtime premium when they were employed as an Equipment Operator at any time within the applicable statute of limitations period.

44. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

45. In the past 3 years, Defendant has employed over a hundred Equipment Operators.

46. Like Plaintiffs, these Equipment Operators regularly worked more than 40

hours in a week.

47. Defendant failed to pay these workers overtime at the FLSA-required rate.

48. Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the opt-in class is properly defined as:

**All Equipment Operators (or similar positions) employed by Torqued-Up Energy Services, Inc. and Defendant within the past three years.**

## VII.

## **INDIVIDUAL CAUSES OF ACTION**

49. Plaintiffs repeat and re-allege all previous paragraphs of this Original Complaint as though fully incorporated herein.

50. Defendant violated the overtime provisions of the FLSA by failing to include the bonus of Plaintiffs into their regular rate when calculating their overtime pay.

51. Defendant is liable to Plaintiffs individually for the violations described in the class claim section, above.

52. Additionally, Plaintiffs are entitled to an amount equal to their unpaid wages as liquidated damages, as well as reasonable attorneys' fees and the costs of this action.

## VIII.

## **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiffs Clifford Washington and Dexter Hines, each individually and on behalf of all others similarly situated, respectfully prays for declaratory relief and damages as follows:

(a) That Defendant be summoned to appear and answer herein;

(b) That Defendant be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

(c) A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(d) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(e) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the Class during the applicable statutory period;

(f) An order directing Defendant to pay Plaintiffs and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action;

(g) Reservation of the right to amend and other class allegations, as provided by law; and

(h) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**CLIFFORD WASHINGTON and, DEXTER HINES, Each Individually and on behalf of all Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: */s/ Josh Sanford*
Josh Sanford
Texas. Bar No. 24077858
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Josh Sanford, do hereby certify that a true and correct copy of the foregoing SECOND AMENDED AND SUBSTITUTED COMPLAINT was electronically filed with the Clerk for the U.S. District Court, Western District of Texas, San Antonio Division, on June 20, 2016, using the Electronic Case Filing system of the Court, which will send the notification of filing to the following attorneys:

MICHAEL J. MUSKAT, ESQ.
mmuskat@m3law.com
DANIEL LENHOFF, ESQ.
dlenhoff@m3law.com
1201 Louisiana Street, Suite 850
Houston, Texas 77002
(713) 987-7850 (Telephone)
(713) 987-7854 (Facsimile)

*/s/ Josh Sanford*
**Josh Sanford**