IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**CLIFFORD WASHINGTON, DEXTER HINES,**                    **PLAINTIFFS**
**KAMONTRA WEBSTER, MONTREL HATTON,**
**DARRELL STEPHENS, WILLIE HOPSON,**
**WENDELL COOPER, ANDRE SPENCER,**
**GOLDRIDGE JACKSON, MICHAEL JILES,**
**DAMIEN YOUNG, DAVID COLLIER and**
**HERBERT PHILLIPS**


vs.                              No. 5:16-cv-130-RP


**KELLY PRENTISS**                                        **DEFENDANT**


### THIRD AMENDED AND SUBSTITUTED COMPLAINT

COME now Plaintiffs Clifford Washington, Dexter Hines, Kamontra Webster,

Montrel Hatton, Darell Stephens, Willie Hopson, Wendell Cooper, Andre Spencer,

Goldridge Jackson, Michael Jiles, Damien Young, David Collier and Herbert Phillips

("Plaintiffs"), by and through their attorney Josh Sanford of Sanford Law Firm, PLLC,

and for their Third Amended and Substituted Complaint (hereinafter "Complaint")

against Defendant Kelly Prentiss, and in support thereof do hereby state and allege as

follows:

### I.
### PRELIMINARY STATEMENTS

1.      Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. §

201, et seq. ("FLSA"), for declaratory judgment, monetary damages, liquidated

damages, prejudgment interest, civil penalties and costs, including reasonable

attorney's fees as a result of Defendant's policy and practice of failing to pay Plaintiffs proper regular rate of pay and overtime compensation for the hours in excess of forty hours in a single week that they were/are made to work.

2.      Upon information and belief, for at least three (3) years prior to the filing of this lawsuit, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

## II.
## THE PARTIES

3.      Plaintiff Clifford Washington is a resident and citizen of Smith County, Texas.

4.      Plaintiff Dexter Hines is a resident and citizen of Marion County, Texas.

5.      Plaintiff Kamontra Webster is a resident and citizen of Gregg County, Texas.

6.      Plaintiff Montrel Hatton is a resident and citizen of Cass County, Texas.

7.      Plaintiff Darell Stephens is a resident and citizen of Gregg County, Texas.

8.      Plaintiff Willie Hopson is a resident and citizen of Gregg County, Texas.

9.      Plaintiff Wendell Cooper is a resident and citizen of Smith County, Texas.

10.     Plaintiff Andre Cooper is a resident and citizen of Harrison County, Texas.

11.     Plaintiff Goldridge Jackson is a resident and citizen of Gregg County, Texas.

12.     Plaintiff Michael Jiles is a resident and citizen of Rusk County, Texas.

13.     Plaintiff Damien Young is a resident and citizen of Gregg County, Texas.

14.     Plaintiff David Collier is a resident and citizen of Smith County, Texas.

15.     Plaintiff Herbert Phillips is a resident and citizen of Smith County, Texas

16.     At all times relevant hereto, Kelly Prentiss was an officer and Chief Executive Officer of Torqued-Up Energy Services, Inc. ("Torqued-Up")

17.     At all times relevant hereto, Defendant Kelly Prentiss had operational control over Torqued-Up.

18.     At all times relevant hereto, Defendant Kelly Prentiss had the power to hire and fire employees of Torqued-Up, supervised and set wages and wage policies for Torqued-Up's employees.

19.     At all times relevant hereto, Defendant was Plaintiffs' employer as that term is defined under the FLSA.

## III.
## JURISDICTION AND VENUE

20.     The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

21.     The acts complained of herein were committed and had their principal effect against the named Plaintiff within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## IV.
## FACTUAL ALLEGATIONS

22.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

23.     Plaintiffs were employees of Defendant within the three years prior to Plaintiffs filing and/or joining this lawsuit.

24.     At all times hereinafter mentioned, Defendant has been an employer and enterprise engaged in commerce within the meaning of the FLSA. Defendant has employees engaged in interstate commerce.

25.     At all times hereinafter mentioned, Plaintiffs were engaged in commerce as required by 29 U.S.C. §§ 206-207.

26.     Torqued-Up is an oilfield services provider that provides on shore contract drilling and pressure pumping services for the oil and gas industry throughout the United States. http://www.patenergy.com/ (last visited on February 4, 2017).

27.     Plaintiffs were employed by Defendant as Equipment Operators and were paid by the hour within the applicable statute of limitations.

28.     Plaintiffs routinely worked in excess of forty (40) hours per week.

29.     During Plaintiffs' employment as Equipment Operators, Defendant paid all such Equipment Operators an hourly rate, and also paid them a non-discretionary bonus.

30.     The bonus was a percentage of the total amount collected by Defendant on the projects worked on by Plaintiffs and other Equipment Operators.

31.     In addition, Defendant paid Plaintiffs one-and-one-half of their hourly rate for each hour they worked over forty in a workweek.

32.     However, Defendant did not include the bonus of Plaintiffs into their regular rate when calculating their overtime pay.

33.     Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

34.     Defendant violated the FLSA by not including the bonus of Plaintiffs into their regular rate when calculating their overtime pay.

35.     As Equipment Operators, Plaintiffs' primary job duties were manual labor.

36.     Defendant's Equipment Operators were not required to have any special education or specialized knowledge to perform their job.

37.     Plaintiffs were required to be physically fit and strong enough to perform the manual labor required by their primary job duties.

38.     Plaintiffs were and are entitled to 1.5 times their true regular rate of pay for hours worked in excess of 40 in a week.

39.     Defendant knew of the FLSA's requirements based on, among other things, Department of Labor investigations in their line of business.

40.     Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs violated the FLSA.

41.     Defendant's Equipment Operators routinely use hard hats, drilling equipment, lubricators, blow-out preventers, wrenches, and other tools, in performing their job duties. Thus its employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

## V.
## CAUSE OF ACTION

42.     Plaintiffs repeat and re-allege all previous paragraphs of this Original Complaint as though fully incorporated herein.

43.     Defendant violated the overtime provisions of the FLSA by failing to include the bonus of Plaintiffs into their regular rate when calculating their overtime pay.

44.    Additionally, Plaintiffs are entitled to an amount equal to their unpaid wages as liquidated damages, as well as reasonable attorneys' fees and the costs of this action.

## VI.
## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Dexter Hines, Kamontra Webster, Montrel Hatton, Darell Stephens, Willie Hopson, Wendell Cooper, Andre Spencer, Goldridge Jackson, Michael Jiles, Damien Young, David Collier and Herbert Phillips, respectfully pray for declaratory relief and damages as follows:

(a)    That Defendant be summoned to appear and answer herein;

(b)    That Defendant be required to account to Plaintiffs and the Court for all of the hours worked by Plaintiffs and all monies paid to them;

(c)    A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(d)    Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(e)    Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs during the applicable statutory period;

(f)    An order directing Defendant to pay Plaintiffs prejudgment interest, reasonable attorney's fees and all costs connected with this action;

(g)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**CLIFFORD WASHINGTON, DEXTER HINES, KAMONTRA WEBSTER, MONTREL HATTON, DARRELL STEPHENS, WILLIE HOPSON, WENDELL COOPER, ANDRE SPENCER, GOLDRIDGE JACKSON, MICHAEL JILES, DAMIEN YOUNG, DAVID COLLIER and HERBERT PHILLIPS, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By:     */s/ Josh Sanford*
        Josh Sanford
        Tex. Bar No. 24077858
        josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Josh Sanford, do hereby certify that a true and correct copy of the foregoing THIRD AMENDED AND SUBSTITUTED COMPLAINT was electronically filed with the Clerk for the U.S. District Court, Western District of Texas, San Antonio Division, on February 13, 2017, using the Electronic Case Filing system of the Court, which will send the notification of filing to the following attorneys:

Millicent Lundburg, Esq.
DuBOIS, BRYANT & CAMPBELL, LLP
303 Colorado Street, Suite 2300
Austin, TX  78701
(512) 457-8000
(512) 457-8008 (Facsimile)
mlundburg@dbcllp.com

*/s/ Josh Sanford*
**Josh Sanford**